RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/15/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ABDOULAYE DJIBRIL DIALLO,<br>    Petitioner | CIVIL ACTION<br>1:12-CV-02098 |
| VERSUS | |
| ERIC HOLDER, et al.,<br>    Respondent | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Abdoulaye Djibril Diallo ("Diallo") on August 3, 2012. Diallo, a native and citizen of Guinea, contests his continued detention, since December 12, 2011, by the Bureau of Immigration and Customs Enforcement ("ICE") pending his removal from the United States; Diallo contends his consulate denied him travel documents. At the time of filing his petition, Diallo was being detained in the LaSalle Detention Center in Trout, Louisiana. The sole relief requested by Diallo is release from custody pending his removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

The Respondents filed a motion to dismiss (Doc. 13), contending and showing through an affidavit by Brian Gueringer, the Assistant Field Office Director of the U.S. Immigration and Customs Enforcement facility at Oakdale, Louisiana, that Diallo was placed on supervised released on September 13, 2012 (Doc. 13).

Since Diallo has been released and thus has achieved the sole

relief requested in his habeas petition, Diallo's habeas petition has been rendered moot and should be dismissed.[1]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Respondents' motion to dismiss (Doc. 13) be GRANTED and Diallo's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[1] It is further noted that mail from the court, mailed to Diallo on November 27, 2012 was returned to the Clerk of Court on December 10, 2012, stamped "Return to Sender. No Longer Here" (Doc. 12). Also, mail from the court sent on December 18, 2012 was returned on December 27, 2012, stamped "Return to Sender. No Longer Here" (Doc. 16). Obviously, Diallo has failed to provide the court with his new address. Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. Diallo's failure to inform the court of his address change within 30 days provides another ground for dismissal of his habeas petition.

2

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 15th day of January 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE